IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**SHELIA SMITH FOTO**                                              **PLAINTIFF**

**v.**                                          **CAUSE NO. 1:13CV341-LG-JCG**

**STANDARD INSURANCE COMPANY and**
**JOHN AND JANE DOES A, B, C, D, E, F, & G**          **DEFENDANTS**

MEMORANDUM OPINION AND ORDER
GRANTING DEFENDANT'S MOTION TO DISMISS

**BEFORE THE COURT** is the Motion to Dismiss [4] filed by Standard

Insurance Company pursuant to Fed. R. Civ. P. 12(b)(6).  Shelia Smith Foto has

filed a response in opposition to the Motion, and Standard has filed a reply.  After

reviewing the submissions of the parties and the applicable law, the Court finds

that Foto's state law claims are preempted by ERISA, and therefore must be

dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

## FACTS

In her Complaint, Foto asserts, "As an employee of Hancock Holding

Company, Plaintiff entered into [sic] and paid premiums to Standard for disability

insurance." (Compl. at 2, ECF No. 1).  She claims that she submitted a disability

claim to Standard in May of 2012 due to degenerative disk disease.  (*Id.*)  Initially,

Standard granted the claim, but after several months, Standard conducted a review

of Foto's claim and determined that she was not disabled.  (*Id.* at 3).  Foto claims

that she appealed the denial of disability benefits and exhausted her administrative

remedies, but Standard refused to overturn its decision to deny her benefits.  (*Id.*)

She asserts the following state law claims against Standard: breach of contract, bad faith breach of contract, negligent misrepresentation, fraud, fraudulent inducement, fraudulent misrepresentation, unjust enrichment, negligence and/or gross negligence, and breach of fiduciary duty.  (*Id.* at 5).   In the alternative, Foto asserts causes of action pursuant to ERISA.  (*Id.*)

Standard filed the present Motion to Dismiss [4], alleging that Foto's state law claims are preempted by ERISA.  The parties filed a Joint Motion to Stay [15], because they agreed that Foto's claim for long term disability is not ripe.  The Motion to Stay was granted, and the stay has not yet been lifted.  Nevertheless, the Court finds that ruling on the present Motion to Dismiss will not hinder the stay.

## DISCUSSION

In order to survive a motion to dismiss filed pursuant to Fed. R. Civ. P. 12(b)(6), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "This standard 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary claims or elements." *In re S. Scrap Material Co., LLC*, 541 F.3d 584, 587 (5th Cir. 2008) (quoting *Twombly*, 550 U.S. at 556). In *Twombly*, the Court held that "heightened fact pleading of specifics" is not required, but "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if

doubtful in fact)." *Twombly*, 550 U.S. at 555, 570.  "When matters outside the pleadings are presented to and not excluded by the district court, the district court must convert a motion to dismiss into a motion for summary judgment." *Burns v. Harris Cnty. Bail Bond Bd.*, 139 F.3d 513, 517 (5th Cir. 1998).  However, a court may consider documents referenced in the complaint without converting a motion to dismiss to a motion for summary judgment.  *In re Katrina Canal Breached Litig.*, 495 F.3d 191, 205 (5th Cir. 2007).

"The purpose of ERISA is to provide a uniform regulatory regime over employee benefit plans.  To this end, ERISA includes expansive preemption provisions . . . ." *Aetna Health Inc. v. Davila*, 542 U.S. 200, 208 (2004).  ERISA supersedes "any and all State laws insofar as they may now or hereafter relate to any employee benefit plan . . . ."  29 U.S.C. § 1144(a).

In her response in opposition to the Motion to Dismiss, Foto claimed that she should be allowed to conduct discovery to determine if her claims are preempted by ERISA.  Specifically, she argued that she cannot concede that the Standard policy at issue is an employee benefit plan, because it has never been provided to her. Thereafter, Standard submitted the insurance policy along with its reply.  The policy provides that it is a Group Long Term Disability Insurance policy issued to Hancock Holding Company for the benefit of its employees.[1]  (Policy at 1, 4, ECF

---

[1] This Court can review the policy without converting the present Motion to a motion for summary judgment, because it is central to Foto's Complaint, and it was referenced in the Complaint.  *See In re Katrina Canal Breached Litig.*, 495 F.3d at 205.

No. 11-1).  The policy provides that it is a noncontributory plan, meaning that "the cost of insurance is included in the [employee's] gross earnings."  (*Id.* at 2). Furthermore, Foto's own Complaint states that she was provided disability insurance coverage by virtue of her employment with Hancock Holdings.  (Compl. at 2, ECF No. 1).  As a result, the Court finds that Foto does not have a plausible claim that the Standard policy at issue is not an employee benefit plan, and there is no need for discovery regarding this issue.

Foto does not provide any additional arguments in opposition to the Motion to Dismiss.  Nevertheless, this Court will conduct the appropriate test for determining whether ERISA preempts her claims.  The Fifth Circuit has held that ERISA preempts causes of action when the following two elements are present: "1) the state law claims address areas of exclusive federal concern, such as the right to receive benefits under the terms of an ERISA plan; and 2) the claims directly affect the relationship between the traditional ERISA entities – the employer, the plan and its fiduciaries, and the participants and beneficiaries."  *Hollis v. Provident Life & Accident Ins. Co.*, 259 F.3d 410, 414 (5th Cir. 2001).  This Court must first determine whether each of Foto's claims address her right to receive benefits under the ERISA plan at issue.  In her Complaint, Foto has provided little information regarding the alleged misrepresentation that led to her fraud, negligent misrepresentation, fraudulent inducement, and fraudulent misrepresentation

claims.[2]  However, her claims appear to arise out of an alleged misrepresentation that would have had "the effect of orally modifying an ERISA benefit plan and increasing plan benefits for participants who claim to have been misled;" thus her fraud and misrepresentation claims are preempted.  *Brown v. United Parcel Service*, No. 99-10092, 237 F.3d 631, *2 (5th Cir. Oct. 31, 2000).   Foto's unjust enrichment claim should also be preempted to protect the Standard plan "from unexpected financial consequences that could result from routine exposure to state-law claims." *Access Mediquip L.L.C. v. United Healthcare Ins. Co.*, 662 F.3d 376, 387 (5th Cir. 2011).[3]  Foto's bad faith, breach of contract, breach of fiduciary duty, gross negligence, and negligence claims are also preempted pursuant to well-established precedent.  *See Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 48-51, 57 (1987); *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 62 (1987).  Because all of the allegations and causes of action included in Foto's Complaint relate to her claim for wrongful denial of disability benefits under the employee benefit plan, all of Foto's state law claims are preempted.

As for the second element, Foto's claims directly affect the relationship

---

[2] Foto's fraud claims clearly do not meet the pleading requirements of Fed. R. Civ. P. 9(b).

[3] The *Access Mediquip* decision is distinguishable to the extent that it held that state law claims based on misrepresentations to a third party are not preempted, because Foto is a beneficiary, not a third party.  *See Brown*, 237 F.3d at *2; *see also* 29 U.S.C. § 1002(8) (defining "beneficiary" as "a person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder.")

between traditional ERISA entities, because Foto's claims have "created a relationship between the plaintiff and defendants that is so intertwined with an ERISA plan that it cannot be separated." *See Bank of La. v. Aetna U.S. Healthcare Inc.*, 468 F.3d 237, 243 (5th Cir. 2006).

Since both elements of the preemption test are satisfied in the present case, the Court finds that the state law claims alleged in Foto's Complaint are preempted and must be dismissed.  The Court agrees with Standard's suggestion that the dismissal should be without prejudice, so that Foto may amend her complaint if she later determines that she has viable state law claims against Standard.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the Motion to Dismiss [4] filed by Standard Insurance Company pursuant to Fed. R. Civ. P. 12(b)(6) is **GRANTED**.  Sheila Foto's breach of contract, bad faith breach of contract, negligent misrepresentation, fraud, fraudulent inducement, fraudulent misrepresentation, unjust enrichment, negligence and/or gross negligence, and breach of fiduciary duty claims are hereby **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED AND ADJUDGED** this the 10th day of September, 2014.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE